# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS

Filed: April 11, 2024

```
* * * * * * * * * * * * * *      *
JENNIFER POWELL,                 *      PUBLISHED
                                 *
              Petitioner,        *      No. 20-1726V
                                 *
v.                               *      Special Master Nora Beth Dorsey
                                 *
SECRETARY OF HEALTH              *      Interim Attorneys' Fees and Costs.
AND HUMAN SERVICES,              *
                                 *
              Respondent.        *
                                 *
* * * * * * * * * * * * * *      *
```

Sean F. Greenwood, The Greenwood Law Firm, PLLC, Houston, TX, for Petitioner.
Benjamin P. Warder, U.S. Department of Justice, Washington, DC, for Respondent.

## DECISION ON INTERIM ATTORNEYS' FEES AND COSTS[1]

On December 1, 2020, Jennifer Powell ("Petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program ("Vaccine Act," "the Program," or "the Act"), 42 U.S.C. § 300aa-10 et seq. (2018)[2] alleging that she suffered from chronic rheumatoid arthritis ("RA") following the administration of an influenza ("flu") vaccination on December 1, 2017. Petition at ¶¶ 4, 31 (ECF No. 1).

---

[1] Because this Decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 to -34 (2018). All citations in this Decision to individual sections of the Vaccine Act are to 42 U.S.C. § 300aa.

On January 29, 2024, Petitioner filed a motion for interim attorneys' fees and costs, requesting compensation for the attorney who worked on her case. Petitioner's Application for Interim Award of Attorney's Fees and Expenses ("Pet. Mot."), filed Jan. 29, 2024 (ECF No. 68). Petitioner's request can be summarized as follows:

> **Attorneys' Fees** – $44,716.80
> **Attorneys' Costs** – $27,658.41

Petitioner thus requests a total of $72,375.21. Respondent filed his response on February 12, 2024, stating that he "defers to the [S]pecial [M]aster to determine whether or not [P]etitioner has met the legal standard for an interim fees and costs award." Respondent's Response to Pet. Mot. ("Resp. Response"), filed Feb. 12, 2024, at 2 (ECF No. 69). Petitioner did not file a reply.

This matter is now ripe for adjudication. For the reasons discussed below, the undersigned **GRANTS IN PART** Petitioner's motion and awards $67,712.00 in attorneys' fees and costs.

## I.      DISCUSSION

Under the Vaccine Act, the special master shall award reasonable attorneys' fees and costs for any petition that results in an award of compensation. § 15(e)(1). When compensation is not awarded, the special master "may" award reasonable fees and costs "if the special master or court determines that the petition was brought in good faith and there was a reasonable basis for the claim for which the petition was brought." Id. If a special master has not yet determined entitlement, she may still award attorneys' fees and costs on an interim basis. Avera v. Sec'y of Health & Hum. Servs., 515 F.3d 1343, 1352 (Fed. Cir. 2008). Such awards "are particularly appropriate in cases where proceedings are protracted and costly experts must be retained." Id. Similarly, it is proper for a special master to award interim fees and costs "[w]here the claimant establishes that the cost of litigation has imposed an undue hardship and that there exists a good faith basis for the claim." Shaw v. Sec'y of Health & Hum. Servs., 609 F.3d 1372, 1375 (Fed. Cir. 2010).

The claim appears at this point to have been brought in good faith and built on a reasonable basis. Moreover, the undersigned finds that an award of interim attorneys' fees and costs is appropriate here where there are significant expert fees to be paid.

### A.      Attorneys' Fees

Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. See Savin v. Sec'y of Health & Hum. Servs., 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." Saxton v. Sec'y of Health & Hum. Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." Id. at 1522. Furthermore, the

special master may reduce a fee request <u>sua sponte</u>, apart from objections raised by Respondent and without providing the Petitioner notice and opportunity to respond.  <u>See</u> <u>Sabella v. Sec'y of Health & Hum. Servs.</u>, 86 Fed. Cl. 201, 209 (2009).

A special master need not engage in a line-by-line analysis of Petitioner's fee application when reducing fees.  <u>Broekelschen v. Sec'y of Health & Hum. Servs.</u>, 102 Fed. Cl. 719, 729 (2011).  Special masters may rely on their experience with the Vaccine Act and its attorneys to determine the reasonable number of hours expended.  <u>Wasson v. Sec'y of Health & Hum. Servs.</u>, 24 Cl. Ct. 482, 484 (Fed. Cl. 1991), <u>rev'd</u> on other grounds and <u>aff'd</u> in relevant part, 988 F.2d 131 (Fed. Cir. 1993).  Just as "[t]rial courts routinely use their prior experience to reduce hourly rates and the number of hours claimed in attorney fee requests . . . [v]accine program special masters are also entitled to use their prior experience in reviewing fee applications."  <u>Saxton</u>, 3 F.3d at 1521.

### 1.      Hourly Rates

Here, Petitioner requests the following hourly rates for the attorneys, paralegals, and legal assistant that worked on this matter:

**Sean Greenwood – Attorney**
    2020: $400.00
    2021: $425.00
    2022: $470.00
    2023: $495.00

**Janell Ochoa – Attorney**
    2021: $180.00
    2022-2023: $200.00

**Meagan Ward – Paralegal**
    2020: $160.00
    2021-2022: $170.00

**Jonathan Krupa – Paralegal**
    2022: $165.00
    2023: $175.00

**Thomas Ambrosio – Legal Assistant**
    2023: $161.00

The undersigned finds that the requested rates are reasonable and in accordance with what these attorneys and paralegals have previously been awarded for their Vaccine Program work.  <u>See, e.g.</u>, <u>Ambriz v. Sec'y of Health & Hum. Servs.</u>, No. 15-502V, 2024 WL 945688, at *2 (Fed. Cl. Spec. Mstr. Jan. 25, 2024); <u>Torres v. Sec'y of Health & Hum. Servs.</u>, No. 21-1356V, 2023 WL 9177302, at *3 (Fed. Cl. Spec. Mstr. Dec. 19, 2023); <u>Carre v. Sec'y of Health & Hum.</u>

Servs., 20-1613V, 2023 WL 2645840, at *2 (Fed. Cl. Spec. Mstr. Feb. 24, 2023). The undersigned will therefore award those rates in full.

## 2. Reduction of Billable Hours

In reducing an award of fees, the goal is to achieve rough justice, and therefore a special master may take into account their overall sense of a case and may use estimates when reducing an award. See Florence v. Sec'y of Health & Hum. Servs., No. 15-255V, 2016 WL 6459592, at *5 (Fed. Cl. Spec. Mstr. Oct. 6, 2016) (citing Fox v. Vice, 563 U.S. 826, 838 (2011)). It is well established that an application for fees and costs must sufficiently detail and explain the time billed so that a special master may determine, from the application and the case file, whether the amount requested is reasonable. Bell v. Sec'y of Health & Hum. Servs., 18 Cl. Ct. 751, 760 (1989). Petitioner bears the burden of documenting the fees and costs claimed.

Upon review of the submitted billing records, the undersigned finds the majority of the time billed to be reasonable. The timesheet entries are sufficiently detailed for an assessment to be made of the entries' reasonableness. A small reduction, however, is necessary due to time billed for non-compensable administrative tasks (e.g., "filing" documents[3] and retrieving, compiling, and preparing records).[4] See Pet. Exhibit ("Ex.") 77. "Clerical and secretarial tasks should not be billed at all, regardless of who performs them." Paul v. Sec'y of Health & Hum. Servs., No. 19-1221V, 2023 WL 1956423, at *3 (Fed. Cl. Spec. Mstr. Feb. 13, 2023); see also Rochester v. United States, 18 Cl. Ct. 379, 387 (1989) (stating that services that are "primarily of a secretarial or clerical nature . . . should be considered as normal overhead office costs included within the attorneys' fee rates").

Additionally, Mr. Greenwood billed 1.20 hours in 2023 at his attorney rate for gathering and assembling documents for an expert's review.[5] Pet. Ex. 77 at 7, 9.

The undersigned also finds excessive time billed for some tasks. For example, Ms. Ochoa entered four billing entries on March 25, 2022 for researching for an expert for 1.20 hours, 0.50 hours, 1.30 hours, and 4.00 hours, totaling seven hours or $1,400.00. This does not include Ms. Ochoa's time spent researching an expert on other days. Similarly, on December 20, December 22, and December 27, 2022, Ms. Ochoa spent 17.40 hours on "legal research," totaling $3,480.00. At this time, Petitioner was again looking to engage in an expert to opine in this matter. Additionally, Mr. Ambrosio billed 2.80 hours on September 6, 2023 for submitting faxes. The undersigned finds all of these entries to be excessive.

---

[3] For example, see entries dated January 4, 2022; April 8, 2022; November 4, 2022; February 20, 2023; May 22, 2023; August 7, 2023; September 7, 2023; October 6, 2023; November 20, 2023; and December 28, 2023.

[4] For example, see entries dated October 4, 2022; January 11, 2023; January 31, 2023; and February 20, 2023.

[5] See entries dated January 11, 2023; January 31, 2023; and June 21, 2023.

Furthermore, the undersigned notes Petitioner's motion contains duplicative billing entries. For example, on January 6, 2023, both Ms. Ochoa and Mr. Krupa billed for drafting a motion for extension of time, which is duplicative.

Some of these issues have previously been raised with this firm. See Carre, 2023 WL 2645840, at *2-3. Therefore, given the number of issues, the undersigned finds a reduction of fees by 5%, resulting in a reduction of $2,235.84,[6] to be reasonable.[7]

### B.   Attorneys' Costs

### 1.   Expert Fees

Petitioner requests $4,800.00 for work performed by Dr. David Axelrod at a rate of $400.00 per hour. Pet. Ex. 78 at 25; Pet. Ex. 77 at 12. This rate has previously been found reasonable. See Tipps v. Sec'y of Health & Hum. Servs., No. 16-867V, 2023 WL 2754559, at *3 (Fed. Cl. Spec. Mstr. Apr. 3, 2023). Dr. David Axelrod spent 12 hours reviewing medical records, studying medical literature, and preparing one expert report totaling 13 pages. Pet. Ex. 78 at 25; Pet. Ex. 37. Given the complexity of this case, the undersigned finds this amount of time to be reasonable. Therefore, Dr. Axelrod will be awarded $4,800.00 in accordance with the $400.00 hourly rate.

Petitioner also requests $21,285.00 for work performed by Dr. Omid Akbari at a rate of $550.00 per hour. Pet. Ex. 78 at 25; Pet. Ex. 77 at 12. However, Dr. Akbari has consistently been awarded a rate of $500.00 per hour for his work in the Program. See Bristow v. Sec'y of Health & Hum. Servs., No. 19-457V, 2022 WL 17821111, at *5-6 (Fed. Cl. Spec. Mstr. Nov. 15, 2022) (listing cases in which Dr. Akbari has been awarded $500.00 per hour); Walters v. Sec'y of Health & Hum. Servs., No. 15-1380V, 2022 WL 1077311, at *6 (Fed. Cl. Spec. Mstr. Feb. 23, 2022) (same). Moreover, the undersigned has previously found that $550.00 per hour is excessive for Dr. Akbari's work, instead compensating him at $500.00 per hour. See Foukarakis v. Sec'y of Health & Hum. Servs., No. 20-1547V, 2024 WL 1156130, at *3 (Fed. Cl. Spec. Mstr. Feb. 22, 2024); Carroll ex rel. J.W. v. Sec'y of Health & Hum. Servs., No. 19-1125V, 2023 WL 2771034, at *6 (Fed. Cl. Spec. Mstr. Apr. 4, 2023); Wolf v. Sec'y of Health & Hum. Servs., No. 17-308V, 2022 WL 10075190, at *3 (Fed. Cl. Spec. Mstr. Sept. 28, 2022); M.M. v. Sec'y of Health & Hum. Servs., No. 18-583V, 2022 WL 2070714, at *3 (Fed. Cl. Spec. Mstr. June 9, 2022); Price v. Sec'y of Health & Hum. Servs., No. 18-1472V, 2020 WL 3866890, at *3 (Fed. Cl. Spec. Mstr. June 15, 2020). Accordingly, the undersigned finds that $500.00 per hour, as has

---

[6] $44,716.80 x 0.05 = $2,235.84.

[7] A special master need not engage in a line-by-line analysis of Petitioner's fee application when reducing fees. Broekelschen, 102 Fed. Cl. at 729.

been consistently awarded to Dr. Akbari including for work in 2022, to be an appropriate hourly rate.[8]

Dr. Akbari spent 38.70 hours reviewing medical records, studying medical literature, and preparing one expert report totaling 14 pages.  Pet. Ex. 78 at 1-2; Pet. Ex. 9.  The undersigned finds this amount of time to likely be excessive for a case that has not gone to hearing yet.  Other special masters have found Dr. Akbari's billing practices to be excessive or vague and accordingly reduced his billing by 20%.  See, e.g., Nieves v. Sec'y of Health & Hum. Servs., No. 18-1602V, 2023 WL 7131801, at *5 (Fed. Cl. Spec. Mstr. Oct. 2, 2023) (finding Dr. Akbari's billing of 164.20 hours to constitute "an excessive amount of time for a case that did not go to hearing . . . [and] caution[ing] Dr. Akbari and counsel to endeavor to employ better billing practices in the future"); Reinhardt v. Sec'y of Health & Hum. Servs., No. 17-1257V, 2021 WL 2373818, at *4 (Fed. Cl. Spec. Mstr. Apr. 22, 2021) (finding Dr. Akbari's billing to be "well in excess of the time spent by other experts in cases of comparable complexity").  Other special masters have cautioned Dr. Akbari against excessive billing and encouraged him to "endeavor to reduce the number of hours billed henceforth."  Bristow, 2022 WL 17821111, at *5 (finding that Dr. Akbari spent an "unusually large expenditure of time for a case that has not yet had a hearing"); see also Romero v. Sec'y of Health & Hum. Servs., No. 18-1625V, 2023 WL 2598014, at *5-6 (Fed. Cl. Spec. Mstr. Mar. 22, 2023) (finding that Dr. Akbari's billing of 109 hours to prepare two reports constituted a "large expenditure of time for a flu/GBS case that has not yet gone to hearing").

It is difficult to evaluate Dr. Akbari's reports and billing practice before the case has proceeded to hearing.  However, the undersigned finds a preliminary impression of excessive billing, especially in comparison to Petitioner's other expert.  The undersigned does not reduce Dr. Akbari's billed hours for excessiveness here but reserves the right to do so on final fees.

Dr. Akbari billed 0.80 total hours for "preparation of statement of hours."  Pet. Ex. 78 at 2.  Such administrative tasks are not compensable under the Program for attorneys or experts.  See Rochester, 18 Cl. Ct. at 387 (stating that services that are "primarily of a secretarial or clerical nature . . . should be considered as normal overhead office costs included within the attorneys' fee rates"); Baker v. Sec'y of Health & Hum. Servs., No. 99-653V, 2005 WL 589431, at *1 (Fed. Cl. Spec. Mstr. Feb. 24, 2005) (finding that "fees for experts are subject to the same reasonableness standard as fees for attorneys").  At least one previous special master has warned Dr. Akbari against billing for such tasks.  See Walters, 2022 WL 1077311, at *6.  Additionally, the undersigned recently warned Dr. Akbari against billing for such tasks.  Foukarakis, 2024 WL 1156130, at *4.  Therefore, the undersigned reduces his billing by 0.80 hours to a total of 37.90 hours.

---

[8] The undersigned previously expressed interest in reconsidering Dr. Akbari's rate for work done in 2023.  See Carroll, 2023 WL 2771034, at *6 n.18.  The undersigned is willing to reconsider the rate in the future.

Therefore, the amount to be awarded to Dr. Akbari will be reduced to $18,950.00 to conform with the $500.00 hourly rate and reduced hours.[9]  This results in a reduction of $2,335.00.

### 2. Miscellaneous Costs

Petitioner also requests $1,573.41 for miscellaneous costs, including the filing fee, medical records, and postage.  Pet. Ex. 77 at 12.  The undersigned finds these costs reasonable.  Petitioner has provided adequate documentation for most of these costs.

However, the undersigned finds some discrepancies in the documentation for the expenses.  For example, on December 30, 2020, Petitioner invoiced $92.37 for "Invoice for medical records from UT Health."  Pet. Ex. 77 at 12.  However, Petitioner did not include a receipt for this expense, and therefore, will not be awarded for this expense.  In addition, Petitioner included receipts for expenses in her motion, but failed to include these receipts on her list of expenses.  Compare, e.g., Pet. Ex. 78 at 7, with Pet. Ex. 77 at 12.  Any receipt provided but not included on Petitioner's list of expenses will not be awarded at this time.  Petitioner may re-request these costs in her final fees motion along with documentation.[10]  Thus, the undersigned finds a reduction of $92.37 to be appropriate and awards $1,481.04 to Petitioner for miscellaneous costs.[11]

## II.  CONCLUSION

Based on all of the above, the undersigned finds that it is reasonable to compensate Petitioner and her counsel as follows:

| | |
|---|---|
| Requested Attorneys' Fees: | $44,716.80 |
| Reduction of Attorneys' Fees: | - ($2,235.84) |
| Awarded Attorneys' Fees: | $42,480.96 |
| | |
| Requested Attorneys' Costs: | $27,658.41 |
| Reduction of Attorneys' Costs: | - ($2,427.37) |
| Awarded Attorneys' Costs: | $25,231.04 |
| | |
| **Total Attorneys' Fees and Costs:** | **$67,712.00** |

**Accordingly, the undersigned awards:**

---

[9] 37.90 hours x $500.00 = $18,950.00.

[10] Documentation was also not provided for postage.  Petitioner shall include documentation for postage or mailing in her final fees motion.

[11] $1,573.41 – $92.37 = $1,481.04.

**A lump sum in the amount of $67,712.00, representing reimbursement for reasonable interim attorneys' fees and costs, in the form of a check payable jointly to Petitioner and Petitioner's counsel of record, Mr. Sean Greenwood.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance with this Decision.[12]

**IT IS SO ORDERED.**

<u>**s/ Nora Beth Dorsey**</u>
Nora Beth Dorsey
Special Master

---

[12] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.